NIEMEYER, Circuit Judge,
supporting the denial of rehearing en banc:
My colleague’s dissenting position rests on his belief that the First Amendment protects concededly obscene e-mails because the e-mails “implicated no commercial interest and, although the e-mails described fantasies about sexual conduct involving children, the children referred to were imagined, not real.” Yet, if we accept, as we must, the proposition that expression, regardless of its form, is protected by the First Amendment, we must likewise recognize the proposition that obscenity in any of those forms is not protected and may be regulated by the state. See Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Kaplan v. California, 413 U.S. 115, 119, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973) (“Obscenity can, of course, manifest itself in conduct, in the pictorial representation of conduct, or in the written and oral description of conduct”).
Despite my good colleague’s misgivings, Whorley violated criminal statutes regulating obscenity, and his convictions may not be forgiven because his conduct was prompted by his sexual fantasies. Accordingly, we appropriately deny his motion for a rehearing en banc.